IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MUHAMMAD MUJTABA HUSSAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 09-269-SLR |
| ) | |
| PNC FINANCIAL SERVICES GROUP, ) | |
| ) | |
| Defendant. ) | |

Muhammad Mujtaba Hussain, Alexandria, Virginia. Pro Se Plaintiff.

Denise Seastone Kraft, Esquire, Edwards Angell Palmer & Dodge LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: March 9 , 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Muhammad Mujtaba Hussain ("plaintiff"), who proceeds pro se, filed this employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e through 2000e-17. (D.I. 2) Presently before the court is a motion to dismiss filed by defendant The PNC Financial Services Group, Inc. ("defendant"), plaintiff's response, and defendant's reply.[1] (D.I. 9, 10, 20, 21) The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5. For the reasons set forth below, the court will deny defendant's motion to dismiss

## II. BACKGROUND

Plaintiff was employed by defendant as a licensed financial sales consultant from August 8, 2005 until March 15, 2007, when he was terminated. He alleges that his work from the date of his employ until June 2006 was considered excellent and was not disciplined but that, from June 2006 until the date of his termination, he was harassed and periodically disciplined due to his national origin and religion. Plaintiff is Pakistani and a Muslim. (D.I. 2, Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination) He also alleges that he was a victim of retaliation for filing a charge against his supervisor who is an "American Christian." Plaintiff was told that he was terminated for insubordination and willful misconduct by individuals whose religion and national origin are unknown to him. He submitted a charge of discrimination and received his right to sue letter on February 1, 2009. Attached to the complaint are approximately one hundred fifty pages of documents including the charge of

---

[1]Defendant is improperly named by plaintiff as PNC Financial Services Group.

discrimination and documents relating to the EEOC proceedings. The charge of discrimination contains similar allegations to those in the complaint.

Documents related to the EEOC proceeding state that plaintiff's "termination from [defendant] stems from bias held by numerous individuals holding managerial positions. [P]laintiff was mistreated, often ostracized, and criticized for his supposed lack of communication skills due to his ethnic background. In addition to racial and religious discrimination, [plaintiff] contends that [defendant's employee] wanted to remove [plaintiff] from his position irrespective of [plaintiff's] job performance; soon after [plaintiff] announced his candidacy for the branch manager position, [defendant's employee's] retaliation against [plaintiff] escalated even further after assuming the position of acting branch manager." (D.I. 2, Aug. 4, 2008 letter to EEOC) Plaintiff's August 4, 2008 letter to the EEOC relates that: (1) on several occasions, one of defendant's employees would perform the Christian and/or Catholic gesture of making the sign of the cross whenever he approached plaintiff when it was well-known that plaintiff is a Muslim; (2) although his religious beliefs against drinking were known, plaintiff was singled out at a holiday dinner after he won a raffle prize and asked if he wanted to exchange it for wine, and the offer was not made to other individuals; (3) defendant's employees stated that plaintiff struggled to communicate effectively in English with customers and others, despite the fact that plaintiff has a Master' Degree in English and passed the New York State Education Department's evaluation "English to Speakers of Other Languages; (4) one of defendant's employees consistently harassed plaintiff for having an accent, attempted to steal plaintiff's clients, degraded plaintiff in front of clients, and claimed that plaintiff could not properly communicate due to his

accent; (5) plaintiff found the working conditions uncomfortable and unsuccessfully attempted to transfer to another branch on numerous occasions; (6) plaintiff made numerous complaints about a hostile work environment with no resolution; (7) plaintiff was terminated following his complaints; (8) and (9) plaintiff's sales productions were consistently high, but defendant terminated him due to poor sales performance, customer complaints, and willful misconduct. (D.I. 2, Aug. 4, 2008 letter to EEOC; Ex. Z) Plaintiff received unemployment benefits from the Delaware Department of Labor when defendant did not meet its burden to prove plaintiff was discharged with just cause. (D.I. 2, ex. V)

### III. MOTION TO DISMISS

#### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

Rule 8(a)(2) requires a litigant to set forth "a short and plain statement of the claim," and Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) and (d)(1). Unduly lengthy and/or rambling pleadings fail to satisfy the requirements of Rule 8. *See McNeil v. United States*, 508 U.S. 106, 113


(1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering 15 pages and 88 paragraphs); *Burks v. City of Philadelphia,* 904 F. Supp. 421, 424 (E.D. Pa.1995) (district court struck pleading that failed to contain a short and plain statement of claims as it represented a "gross departure from the letter and the spirit of Rule 8(a)(2)").

The court must consider the complaint in its entirety and review the allegations as a whole and in context. *Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937, 1950 (2009). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents, and matters of public record. *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal,*129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211;

see also *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## B. Discussion

Defendant moves for dismissal on the grounds that the complaint does not state a plausible claim for relief as there are no facts suggesting discriminatory intent or action on its part. More particularly, it argues that the complaint contains conclusory allegations and relies upon the documents attached to the complaint that include documents filed with the EEOC. It contends that the attachment of the documents does not comply with the basic pleading requirements of Rule 8. Finally, it argues that the complaint does not satisfy the pleading requirements of *Iqbal*.

Initially the court notes that, contrary to defendant's position, the court may consider the documents attached to the complaint. As discussed above, Third Circuit

precedent provides that, when evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court may consider documents attached to the complaint if the claims are based upon those documents. See *Winter Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1998) Moreover, plaintiff proceeds pro se and, therefore, his complaint is held to less stringent standards than formal pleadings drafted by lawyers and his complaint is liberally construed.

The court has carefully reviewed the complaint and its attachments. The complaint, consisting of three pages, is on a form made available to litigants on this court's web-site. The documents are somewhat voluminous but, after sifting through them (as is apparent from the "Background" section), the condensed information provides the reader with the facts upon which plaintiff relies. The documents provide sufficient facts to support an inference that plaintiff was discriminated against on the basis of national origin and religion and why he believes his national origin and religion motivated defendant's alleged acts.

After considering the attached documents, in conjunction with plaintiff's three page complaint and his pro se status, the court find that the complaint crosses the threshold established by *Twombley* and *Iqbal* and raises a plausible right to relief. Therefore, the court will deny the motion to dismiss.

## IV. CONCLUSION

For the above reasons, the court will deny defendant's motion to dismiss. An appropriate order will issue.