IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MUHAMMAD MUJTABA HUSSAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-269-SLR |
| | ) |
| PNC FINANCIAL SERVICES GROUP, | ) |
| | ) |
| Defendant. | ) |

Muhammad Mujtaba Hussain, Alexandria, Virginia. Pro Se Plaintiff.

Kathleen Furey McDonough, Esquire, Potter Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: August 3, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Muhammad Mujtaba Hussain ("plaintiff"), who proceeds pro se, filed this employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e through 2000e-17. (D.I. 2, 86) Presently before the court are several motions filed by the parties including motions to amend, to dismiss for failure to prosecute, to compel, to stay, and to strike. (D.I. 56, 65, 70, 74, 75, 80, 88, 90, 91) The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5. For the reasons set forth below, the court will dismiss the complaint for failure to prosecute.

## II. BACKGROUND

Plaintiff was employed by defendant as a licensed financial sales consultant from August 8, 2005 until March 15, 2007, when he was terminated. He alleges that his work from the date of his employ until June 2006 was considered excellent and he was not disciplined but that, from June 2006 until the date of his termination, he was harassed and periodically disciplined due to his national origin and religion. Plaintiff is Pakistani and a Muslim. (D.I. 2, Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination) He also alleges that he was a victim of retaliation for filing a charge against his supervisor who is an "American Christian." Plaintiff was told that he was terminated for insubordination and willful misconduct by individuals whose religion and national origin are unknown. He submitted a charge of discrimination and received his right to sue letter on February 1, 2009.

Plaintiff filed his complaint on April 21, 2009. A May 2010 scheduling order provided a deadline of June 15, 2010 to file motions to join parties and amend pleadings and a discovery deadline of October 15, 2010. (D.I. 34) Plaintiff moved to extend deadlines and, on July 8, 2010, the court set new deadlines of August 9, 2010 to file motions to join parties and amend pleadings and a new discovery deadline of December 9, 2010. (D.I. 41) Plaintiff moved to amend on August 9, 2010, and the motion was granted on October 26, 2010. (D.I. 53) The amended complaint was subsequently sealed. (See D.I. 86)

At the time the court granted the motion to amend, it imposed a deadline of December 1, 2010 for plaintiff to file his initial disclosures and response to defendant's interrogatories. The order states, "BECAUSE THESE DISCOVERY RESPONSES ARE LONG OVERDUE, FAILURE BY PLAINTIFF TO COMPLY WITH THIS DEADLINE SHALL RESULT IN DISMISSAL OF THE CASE FOR FAILURE TO PROSECUTE PURSUANT TO D. DEL. LR 41.1. If plaintiff timely complies, the case shall proceed according to the following schedule" which included an amended discovery deadline of January 26, 2011 and an amended summary judgment motion deadline of March 1, 2011. (See D.I. 53) The order did not extend the time to file motions to amend the pleadings.

To date, plaintiff has not filed his initial disclosures as ordered by the court. He did, however, answer defendant's interrogatories on December 1, 2010. On the same date, he filed an out-of-time second motion to amend the complaint. (D.I. 56) Later, on

January 26, 2011, plaintiff filed a third motion to amend the complaint.[1] (D.I. 74) In the meantime, defendant scheduled plaintiff's deposition to take place on January 20, 2011, prior to the expiration of the January 26, 2011 discovery deadline. On January 15, 2011, plaintiff filed a motion to reschedule the deposition due to a prior commitment. (D.I. 70) The deposition was scheduled to be held in Wilmington, Delaware. Plaintiff asked for two months' notice of any rescheduled deposition "since [he] does not live in the state of DE."[2] (*Id.*)

Defendant opposes plaintiff's motions to amend and filed cross-motions to dismiss the amended complaint for failure to prosecute pursuant to Fed. R. Civ. P. 37 and 41. (D.I. 63, 78) With regard to plaintiff's scheduled deposition, defendant responded on January 19, 2011 (prior to the expiration of the discovery deadline) that, "had plaintiff contacted [it] and requested another day, it would be, and still is, amenable to rescheduling the deposition within the discovery period." (D.I. 71)

On April 5, 2011, the court ordered that "on or before April 25, 2011, plaintiff shall file whatever final papers he intends to file, including a response to defendant's motion to dismiss, embedded in its answering brief to plaintiff's 'motion to correct amended complaint.'" (*See* D.I. 89) On April 25, 2011, plaintiff filed a response to defendant's opposition to his motions to compel filed on January 26, 2011 (D.I. 75) and March 29, 2011 (D.I. 88). (*See* D.I. 95) The filing, however, was not responsive to defendant's

---

[1] The motions to amend seek to add facts, not new claims or defendants.

[2] Plaintiff resides in Alexandria, Virginia, a two or three hour drive from Wilmington, Delaware.

motions to dismiss nor did plaintiff file a separate response or any documents in opposition to the motions to dismiss for failure to prosecute.

## III. FAILURE TO PROSECUTE

### A. Standard of Review

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010) (not published).

The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850

F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## IV. DISCUSSION

The court finds that the *Poulis* factors warrant dismissal of plaintiff's case. First, as a pro se litigant, plaintiff is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992).

Second, defendant is prejudiced by plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff's failure to provide initial disclosures and to make himself available for his deposition prior to the expiration of the discovery deadline severely impedes defendant's ability to prepare a trial strategy.

As to the third factor, there is a history of dilatoriness inasmuch as plaintiff never filed his initial disclosures as ordered by the court despite a warning that the case would be dismissed, filed motions to amend out-of-time and in derogation of the scheduling orders, and failed to respond to defendant's motions to dismiss for failure to prosecute.

As to the fourth factor, the facts to date lead to a conclusion that plaintiff's failure to prosecute is willful or in bad faith. The court ordered plaintiff to file his initial disclosures; he did not. The court entered scheduling orders; plaintiff did not abide by them. Plaintiff's deposition was set to take place prior to the expiration of the discovery deadline; plaintiff required two months advance notice of his deposition even though he

lives a short distance from Delaware. Accordingly, the court finds plaintiff's actions willful and in bad faith.

As to the fifth factor, there are no alternative sanctions the court could effectively impose. Because plaintiff proceeds pro se and in forma pauperis, it is doubtful that monetary sanctions would be effective.

As to the sixth factor, the merits of the claim, plaintiff alleges he was discharged from his employment because of his national origin and religion. The record, however, contains evidence of a legitimate nondiscriminatory reason for plaintiff's discharge. Plaintiff was discharged following serious customer complaints and insubordinate behavior. (See D.I. 83, D3-D11)

Given plaintiff's failure to: (1) provide initial disclosures as ordered by the court despite its admonition that failure to do so would result in dismissal; (2) abide by the court's scheduling orders; (3) make himself available for deposition prior to the expiration of the discovery deadline; and (4) respond to defendant's motion for failure to prosecute, as well as the unlikelihood of success on the merits of his claim, the court finds that the *Poulis* factors weigh in favor of dismissal.

## V. CONCLUSION

For the above reasons, the court will grant defendant's motions to dismiss for failure to prosecute. The court will decline to impose sanctions upon plaintiff. All other motions will be denied as moot. An appropriate order will issue.